**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| DAVID JOHN WRIGHT,<br><br>     Plaintiff,<br><br> vs.<br><br>HIRERIGHT LLC,<br><br>     Defendant. | **Case No.**: 3:26-cv-00660<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

David John Wright ("Plaintiff") by and through his counsel brings the following Complaint against HireRight LLC ("Defendant" or "HireRight") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of an employment background check report that Defendant published to Plaintiff's potential employer, which falsely portrayed Plaintiff as having two Indiana traffic convictions with dispositions of "Guilty," when, in fact, those convictions had previously been vacated/set aside by the Marion Superior Court, and ordered expunged from Plaintiff's driving record.

## INTRODUCTION

1. This is an individual action for damages, costs, and attorney's fees brought against Defendant pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

2. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to employers who use the reports to make employment decisions.

3. Defendant falsely reported to Plaintiff's prospective employer that Plaintiff had two Indiana traffic convictions with dispositions of "Guilty," when, in fact, those convictions had

previously been vacated/set aside and ordered expunged by the Marion Superior Court. Defendant's reporting is grossly inaccurate and untrue.

4.     As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims against Defendant for failing to follow reasonable procedures to assure maximum possible accuracy based on 15 U.S.C. § 1681e(b) of the FCRA, and for failing to conduct a reasonable reinvestigation to determine whether the information Plaintiff disputed was inaccurate and should be corrected in the subject consumer report, in violation of the FCRA, 15 U.S.C. § 1681i.

## **PARTIES**

5.     David John Wright ("Plaintiff") is a natural person residing in Beloit, Wisconsin, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

6.     HireRight LLC ("Defendant" or "HireRight") is a corporation doing business throughout the United States, including the State of Wisconsin and in this District, and has a principal place of business located at 100 Centerview Dr, Suite 300 Nashville, TN 37214.

7.     Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

## **JURISDICTION AND VENUE**

8.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

### Plaintiff Applies for a Job with Voyig, LLC ("Voyig")

10.    In or about June 2026, Plaintiff applied for full-time employment as a truck driver with Voyig.

11.    The employment was conditioned upon Plaintiff passing a background check ("consumer report").

### Defendant Published an Inaccurate Background Check Report to Voyig, LLC ("Voyig")

12.    Voyig contracted with Defendant to conduct background checks, including criminal background checks, on its prospective employees.

13.    On or about June 2, 2026, Voyig ordered a criminal background check on Plaintiff from Defendant.

14.    On or about June 2, 2026, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold the same to Voyig.

15.    Within that consumer report, Defendant published inaccurate information about Plaintiff.

16.    Specifically, Defendant's consumer report about Plaintiff included two grossly inaccurate and stigmatizing convictions from Marion County, Indiana, which appeared in the consumer report as follows:

//

| | | | | State | ACD | HR |
|---|---|---|---|---|---|---|
| VIOL | Mar 29, 2021 | Apr 1, 2025 | FOS-FAILURE TO OBEY TRAFFIC SIGN OR SIGNAL<br>FAILURE TO OBEY RESTRICTED LANE<br>LOCATION: INDIANA<br>COM VEH: Y<br>Locator Reference: 49D222104IF011889<br>Non Driver Flag: N<br>Operating As Class: B<br>Disposition: GUILTY<br>Violation Sequence Number: 0<br>Sequence Number: 2<br>Confidential: N | | M11 | 0 |
| VIOL | Mar 29, 2021 | Apr 1, 2025 | SI-SPEEDING INTERMEDIATE (11-19 OVER)<br>POSTED 055 OVER 013<br>SPEEDING - SPEED LIMIT AND ACTUAL<br>SPEED (DETAIL REQUIRED)<br>LOCATION: INDIANA<br>COM VEH: Y<br>Locator Reference: 49D222104IF011889<br>Non Driver Flag: N<br>Operating As Class: B<br>Disposition: GUILTY<br>Violation Sequence Number: 0<br>Sequence Number: 3<br>Confidential: N | | S92 | 0 |

17.     The two Indiana traffic violations Defendant reported as "Guilty" convictions within Plaintiff's consumer report were inaccurate. The Marion Superior Court had previously vacated and set aside the underlying convictions and ordered the Indiana Bureau of Motor Vehicles to immediately expunge those convictions from Plaintiff's driving record before Defendant prepared and furnished the consumer report.

18.     A cursory review of the widely available public court records confirms that on May 30, 2025, the Marion Superior Court granted Plaintiff's Petition to Set Aside/Vacate Judgment, vacated and set aside Plaintiff's convictions for Third Lane Violation and Speeding, ordered the Indiana Bureau of Motor Vehicles to immediately expunge those convictions from Plaintiff's driving record, and directed that all insurance violations related to the case be removed because the matter had been sent in error. Accordingly, the public record confirmed that Plaintiff no longer had guilty findings or convictions arising from those violations.

19.     The sole reason Defendant reported the two Indiana traffic violations as "Guilty" was because Defendant failed to follow reasonable procedures to assure the maximum possible

4

accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

20.    Had Defendant followed reasonable procedures, it would have discovered that the convictions had been vacated, set aside, and ordered expunged from Plaintiff's driving record and would not have reported the same.

21.    In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective employer inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

## Voyig Denies Plaintiff's Job Application

22.    In or about June 2026, Plaintiff was informed by Voyig that his employment application was denied because of the information contained within the consumer report Defendant prepared and furnished, including the inaccurately reported "Guilty" traffic convictions.

23.    Shortly thereafter, Plaintiff obtained a copy of the subject consumer report and was shocked to discover that Defendant had reported the two Indiana traffic violations as "Guilty" convictions.

24.    Plaintiff was confused, and concerned about the impact of the inaccurate reporting, both in relation to the Voyig position, but also the impact of the same on his future.

## Plaintiff Disputed the Misinformation in Defendant's Consumer Report

25.    On or about June 15, 2026, desperate to secure employment with Voyig and riddled with worry over the far-reaching impacts of the inaccurate information, Plaintiff disputed the inaccurate information with Defendant.

26.    Plaintiff identified himself and provided information to Defendant to support his

5

dispute.

27.    Plaintiff specifically disputed the two Indiana traffic convictions with dispositions of "Guilty" because the underlying court records reflected that the convictions had been vacated/set aside, and ordered expunged, and therefore should not have been reported as valid guilty convictions.

28.    Plaintiff specifically asked Defendant to investigate and correct its reporting in any consumer report about Plaintiff.

**Defendant Failed to Conduct a Reasonable Reinvestigation and Correct the Consumer Report**

29.    On July 1, 2026, Plaintiff received Defendant's correspondence confirming that it had reinvestigated Plaintiff's dispute and determined that its reporting was accurate and that it would not correct the subject consumer report.

30.    Defendant failed to issue a corrected consumer report to Voyig.

31.    Despite Plaintiff's dispute, Defendant failed to conduct a reasonable reinvestigation of Plaintiff's June 2026 dispute and failed to correct the disputed information in violation of 15 U.S.C. § 1681i(a)(1)(A).

32.    Because Defendant failed to issue a corrected consumer report, Voyig did not reinstate its job offer to Plaintiff.

33.    Defendant's false report cost Plaintiff a promising, well-paying job with Voyig.

34.    As a commercial truck driver, Plaintiff's employment opportunities depend heavily upon the accuracy of employment background reports and motor vehicle records.

35.    The inaccurate reporting of the two vacated traffic convictions adversely affected Plaintiff's ability to obtain employment, including the loss of the employment opportunity with Voyig.

36.    Plaintiff was required to spend considerable time and effort obtaining court records, motor vehicle records, and communicating with multiple governmental agencies in an attempt to correct the inaccurate information and mitigate its impact on his employment prospects.

37.    Plaintiff also suffered actual damages, including the loss of employment opportunities, emotional distress, embarrassment, stress, anxiety, frustration, and inconvenience.

38.    The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

39.    As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct him background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to him reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

### CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

40.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

41.    Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

42.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by

15 U.S.C. § 1681a(c).

43.    At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

44.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

45.    As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

46.    Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

47.    Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**

48.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the

preceding paragraphs as if fully stated herein.

49.    The FCRA mandates that a CRA conducts an investigation of the accuracy of information "[I]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer.  *See* 15 U.S.C. § 1681i(a)(1). The Act imposed a 30-day time limit for the completion of such an investigation. *Id*.

50.    The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is in fact inaccurate or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

51.    On at least one occasion during June 2026, Plaintiff disputed the inaccurate information with Defendant and requested that Defendant correct the inaccurate information in the consumer report that is patently inaccurate, misleading, and highly damaging to her, namely, stating that Plaintiff had two Indiana traffic convictions with a disposition of "Guilty," when, in fact, those convictions had previously been vacated and set aside by the Marion Superior Court and ordered expunged from Plaintiff's driving record.

52.    In response to Plaintiff's dispute, Defendant failed to conduct a reinvestigation, or such investigation was so shoddy as to allow patently false, logically inconsistent, and damaging information to remain in the consumer report and refused to correct the consumer report at issue.

53.    Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate; by failing to correct the disputed inaccurate information from the subject consumer report; by failing to follow reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a public source it has reason to know is unreliable.

54. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct him background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to him reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

55. Defendant willfully violated 15 U.S.C. § 1681i in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

56. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: July 21, 2026

By:*/s/ Yaear Weintroub*
Yaear Weintroub NY Bar No. 6153431
*Attorneys for Plaintiff David John Wright*
CONSUMER ATTORNEYS

10

68-29 Main Street
Flushing NY 11367
T: (718) 576-1863
F: (718) 247-8020
E: yweintroub@consumerattorneys.com

11